Per Curiam.

Harper, Ch.
The question reserved hy -the former decree of this Court is whether the defendants, Boyce, Pitray, Roger, Street and Boinest, arc liable as members of the corporation, under the charter of 1837. We think it must be inferred from the decision in the case of the Steam Packet Company vs. McGrath, McMul. Eq. 193, that they are not so liable. In that case it did not appear that the deiendants had, in any manner, signified their refusal to accept the charter, yet they were held not to be corporators. It iseems that there must be some act or expression to signify .their acceptance of the charter, in order to charge them in the character of corporators.
The confusion and embarrassment which have appeared in the case have arisen from not discriminating between the effects of the decrees in the cause, as applied to the corporation and its members, as individuals, or as against the members *255 of the association, as partners. ' Let us examine what are the' matters settled by these decrees. First: by the first Circuit decree, affirmed in this respect by that of the Court of Appeals,, the corporation is declared primarily liable for all the debts', of the association, though contracted previously to the grant of the charter. It is liable for its own proper debts and those of the partnership.
Then it is settled that if there shall not be found sufficient assets to satisfy creditors, the individual corporators are declared to be individually liable to make good the deficiency, to the extent pf sixty thousand dollars, deducting the capital, (about thirty-seven thousand dollars,) which has been actually paid in. I need hardly say that property possessed by the corporation, for which it was in debt, is not to be reckoned or regarded as part of the capital, either at an estimated value or according to its cost. Such is not the common understanding, and such was not the meaning of the decree.— Though the word may have been variously used, yet a man’s capital properly means the property which he has clear of' debt.' A' man with much property in his hands, but indebted to a still greater extent, would scarcely be called a man of large capital. As the market value of buildings is seldom equal to their cost, the capital was rather diminished than increased by the outlay in building and the debts contracted for that purpose.
Then there is no question of the liability of the corporation and corporators, for the interest on simple contract debts,, which was recovered at law, or the costs of the suits at law. This hardly needs illustration. If the interest was not properly recoverable at law, the corporation was bound to defend itself at law, and the judgments of tlie Court of law are binding upon üs. If the corporation had property out of which they could be made, the costs would be collected of course,, and the corporators are liable, as the corporation would have-been.
The Court does not think it necessary, at the present stage of the proceedings, to institute any inquiry as to the liability of the members of the association, in the character of partners. It seems to be taken for granted by the parties and the last Circuit decree, that the contributions of the individual corporators, to make up their capital, will be more than sufficient to satisfy all the debts; and indeed it seems evident enough that they will be so. The Court is unwilling to moot questions of doubtful character, as matters of speculation, when, practically, the determination of those questions, may never become necessary. If, contrary to expectation,. *256 the fund provided shall prove insufficient, the creditors will be at liberty to apply to the Court, to determine the liability of the partners, and for further relief against them. Then will come up the questions which have been principally argued on the present hearing — -whether the acceptance of the drafts on the treasurer of the corporation, or the judgments obtained against it, operated an extinguishment of the debts as against the partnership ; whether the partnership is liable for interest improperly recovered against the corporation, or costs incurred by it; whether the Act of incorporation operated a dissolution of the partnership; and whether the partners may avail themselves of the lapse of time or the Statute of Limitations, <fcc.
It is not understood that there is any difference between the first report of the Master, Mr. Laurens, of the 13th February, 1845, and the second, of the 8th July, 1845, except that which is made by the calculation of interest and the inclusion of the costs at law, and the including of the mortgage debt in the latter report. The former report is applicable to the case, as we now consider it, as against the corporation and the individual corporators. The second is such as he supposes would be correct, if the account were against all the defendants as partners. The former report is, therefore, confirmed. The direction by the decree of this Court, of March, 1845, for a recommitment of the report, may have been supererogatory, as the case now stands. It was merely matter of inquiry, however, and concluded nothing.
A decree has been made, in another case, directing a sale of the mortgaged property, for the satisfaction of the amount due on the mortgages and the judgment against the trustees. It is not thought necessary now to give any direction as to the manner in which the deficiency shall be made up, in the event that the property, (perhaps aided by the amount of rents and profits, an account of which is directed in another case, if they shall be found applicable to the mortgage debts,) shall not sell for enough to satisfy these demands. The direction will be that the other debts reported be paid by the defendants who are corporators; the parties to be at liberty to apply for further direction in the event spoken of.
It is therefore ordered and decreed that the defendants who are members of the corporation, severally and equally pay and contribute so much money as may be necessary to satisfy the costs reported to be due by the said report of 13th February, 1845, and accruing interest, excluding the sum reported to be due on account of insurance paid by the Bank of the State, and interest thereon; as to which sum a further *257 application may be made after the sale of the mortgaged property : provided that the aggregate sum to be paid by the said defendants shall not, when added to the amount of capital actually paid in, exceed the amount of sixty' thousand dollars. In the event of any of the said defendants proving insolvent, such deficiency to be made up by the equal contribution of the other said defendants. Costs of this suit, up to the present time, to be paid by the defendant corporators.